IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SLYCE ACQUISITION INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**SYTE – VISUAL CONCEPTION LTD. AND KOHL'S CORPORATION,**<br><br>Defendants. | **CIVIL ACTION NO.: 6:19-cv-00257**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, SLYCE ACQUISITION INC. ("Plaintiff" or "Slyce"), by and through undersigned counsel, sues Defendants, SYTE - VISUAL CONCEPTION LTD. ("Syte") and KOHL'S CORPORATION ("Kohl's") (collectively, "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff, Slyce, is a Delaware corporation with its principal place of business at 109 S 13th Street, Suite 3S, Philadelphia, Pennsylvania 19107.

2. Plaintiff Slyce is a visual search company that has spent years crafting image recognition technology that solves real-world problems for the some of the world's largest retail businesses. Slyce offers state-of-the-art image recognition technology that makes it possible to efficiently and accurately find nearly any object on the Internet with a smartphone snap.

3. Upon information and belief, Defendant Syte is a corporation formed under the laws of Israel with a principle place of business at 105 Allenby Street, Tel Aviv 6513445, Israel.

4. Syte is a provider of visual search navigation technology that is incorporated by third party retailers into online and mobile retail platforms, such as websites and mobile applications ("apps").

1

5. Upon information and belief, Defendant Kohl's, is a Wisconsin corporation with its principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051, and conducts business throughout Texas and this judicial district at several regular and established places of business, including in Waco, Texas, at 2708 W Loop 340, Waco, TX 76711, and in the Austin, Texas area at 13609 N Interstate Hwy 35, Austin, TX 78753, 4805 W US-290, Sunset Valley, TX 78735, and 11111 Lakeline Blvd, Austin, TX 78717.

6. Kohl's is a nationwide retailer that sells clothing, footwear, accessories, and beauty and home products at its retail store locations, through its website at www.kohls.com, and via the Kohl's mobile app. Kohl's sells its goods to customers throughout the United States and in this judicial district.

7. Upon information and belief, Kohl's offers its mobile app for iOS devices through the Apple App Store, and also for Android devices through the Google Play Store (collectively, "the Kohl's mobile app").

8. Upon information and belief, Kohl's purchases or licenses certain visual search navigation technology from Syte that is incorporated into the Kohl's mobile app.

## JURISDICTION AND VENUE

9. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §271.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

11. This Court has personal jurisdiction over Defendants pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) Defendants have done and continue to do business in Texas and (ii) Defendants have committed and continue to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling

2

accused products in Texas, and/or importing accused products into Texas, including via the Internet, inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other infringements alleged herein.

12. In addition, or in the alternative, this Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2).

13. Because Syte is a foreign corporation not resident in the United States, venue is proper for Syte in this judicial district under 28 U.S.C. §1391(c)(3).

14. Venue is proper for Kohl's in this judicial district under 28 U.S.C. §1400(b). Kohl's has several regular and established places of business in this judicial district, including in Waco, Texas, at 2708 W Loop 340, Waco, TX 76711, and in the Austin, Texas area at 13609 N Interstate Hwy 35, Austin, TX 78753, 4805 W US-290, Sunset Valley, TX 78735, and 11111 Lakeline Blvd, Austin, TX 78717, and, on information and belief, has committed at least a portion of its infringement at issue in this case in this forum and within this judicial district.

## PATENTS-IN-SUIT

15. On October 6, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,152,624 ("the '624 Patent"), entitled "Systems and methods for visual presentation and navigation of content using data-based image analysis." The '624 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code. A true and correct copy of the '624 Patent is attached as **Exhibit A.**

16. Slyce Acquisition Inc. is the owner, by assignment, of the '624 Patent.

17. Slyce holds all right, title, and interest in and to the '624 Patent, including the right to sue and recover damages for infringement thereof.

18.     As described in more detail below, the "Scan & Shop" tool of Kohl's mobile app utilizing Syte's visual search navigation technology infringes one or more claims of the '624 Patent.

19.     Upon information and belief, Defendants infringe at least claim 1 of the '624 Patent through, at minimum, the making, using, offering for sale, licensing, and/or selling the Kohl's mobile app utilizing Syte's visual search navigation technology in the United States.

20.     On information and belief, the Kohl's mobile app allows a user to navigate image-based content using a graphical user interface.



21.     Upon information and belief, the Kohl's mobile app and its related hosting servers store images of items that are available for purchase from Kohl's.  For example, the Kohl's

mobile app and its related hosting servers store multiple images of items such as coffee mugs as illustrated below.



22.     Upon information and belief, the Kohl's mobile app allows a user to take a photo of an item, store that image, and upload that image for analysis.  The graphical user interface of the Kohl's mobile app is shown below, with an added red circle around the camera icon.



23.     An example of a user-selected photograph taken of an item (a red coffee mug) and the corresponding uploaded image that is received by the Kohl's mobile app is depicted below.



24. Upon information and belief, the Kohl's mobile app analyzes a first image associated with a first item for multiple attributes, as illustrated below.



25.     Upon information and belief, at least one of the attributes analyzed by the Kohl's mobile app includes a color category, as evidenced by the images on the right side of the screen of red coffee mugs, illustrated below.



26.     Upon information and belief, the images displayed on the right side of the above screen are the result of a calculation of a measure of distinction between the items in the uploaded image and the other images of items stored by the Kohl's mobile app, wherein the measure of distinction represents an alignment of categories between the uploaded item and the resulting item displayed on the right.

27.     Upon information and belief, Defendants have operated the "Scan & Shop" tool of the Kohl's mobile app in the United States to test functionality including the functionality documented above.

28.     In view of the foregoing, on information and belief, Defendant Kohl's directly infringes at least claim 1 of the '624 Patent.

29.     Upon information and belief, pursuant to 35 U.S.C. §271(b), Defendant Syte has knowingly induced Kohl's to directly infringe at least claim 1 of the '624 Patent by selling,

offering for sale, providing, maintaining, and/or licensing its visual search navigation software with the intent that Kohl's utilize that software to implement the "Scan & Shop" tool of the Kohl's mobile app in the United States.

30. Upon information and belief, pursuant to 35 U.S.C. §271(c), Defendant Syte has also knowingly contributed to the direct infringement of at least claim 1 of the '624 Patent by Kohl's by importing, selling, offering to sell, maintaining, licensing, and/or otherwise supplying the software underpinning the "Scan & Shop" features of the Kohl's mobile app, which has no substantial noninfringing use, is especially designed for use in the patented invention, and constitutes a material part of the patented invention.

31. Defendants' direct and indirect infringement have caused, and are continuing to cause, injury to Slyce.

32. Slyce has been damaged by Defendants' direct and indirect infringement of the '624 Patent in an amount to be determined at trial and has suffered and will continue to suffer irreparable loss and injury unless the Defendants are permanently enjoined from directly and indirectly infringing the '624 Patent.

33. At least as early as its receipt of Slyce's Original Complaint, Syte has had knowledge of the '624 Patent, has had written notice of its infringement, has intended that Kohl's infringe the '624 Patent by their sale, offer for sale, provision, maintenance, and/or licensing of the visual search navigation software forming the basis of the "Scan & Shop" tool of the Kohl's mobile app, has actively induced such infringement by continuing to sell, offer for sale, provide, maintain, and/or license the visual search navigation software forming the basis of the "Scan & Shop" tool of the Kohl's mobile app.  Despite such knowledge, Defendants continue to infringe the '624 Patent.

34. It is Slyce's belief that the "Scan & Shop" tool of Kohl's mobile app utilizing Syte's visual search navigation technology could not have been developed without a high likelihood that it would infringe upon the '624 Patent.  Slyce reserves its right to seek leave to amend its complaint if, after discovery, facts are uncovered that substantiate a finding of willful infringement.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Slyce Acquisition Inc. prays for the following relief against Defendants Syte Visual Conception Ltd. and Kohl's Corporation:

A. A judgment in favor of Slyce that Defendants have directly infringed one or more claims of Slyce's '624 Patent;

B. A judgement in favor of Slyce that Defendants have indirectly infringed one or more claims of Slyce's '624 Patent;

C. A permanent injunction, enjoining Defendants along with its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing, directly or indirectly, Slyce's '624 Patent;

D. A judgment against Defendants under 35 U.S.C. §284 awarding Slyce damages in an amount adequate to compensate Plaintiff for Defendants' infringement, but in no event less than a reasonable royalty for the use made by Defendants of the inventions set forth in the '624 Patent, together with an award of interest and costs;

E. A judgment and order finding Defendants to pay Slyce damages for Defendants' direct and indirect infringement of Slyce's '624 Patent, together with interest (both pre-and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284; and

F. Such other and further relief in law or in equity to which Slyce may be justly entitled.

Date: April 11, 2019　　　　　　　　　　　Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Michael Chibib*
Michael Chibib
Texas Bar No. 00793497
michael.chibib@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, Texas 78701
Telephone: (512) 580-9609
Facsimile: (512) 580-9601

***Attorney for Plaintiff Slyce Acquisition Inc.***