**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SLYCE ACQUISTION INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 6:19-cv-00257-ADA |
| v. | ) | |
| | ) | |
| SYTE – VISUAL CONCEPTION LTD. | ) | |
| AND KOHL'S CORPORATION, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION**

Pursuant to the Court's October 22, 2019 Order denying Defendants' motion to dismiss (D.I. 23), Defendants respectfully request reconsideration of the Court's (a) finding of personal jurisdiction over Syte, and (b) deferral of its decision on patent invalidity under Section 101 until after claim construction. For the reasons stated below, and as set forth in the confidential Fryman Declaration (filed under seal herewith), Syte has not directed its litigation-related activities to Texas, and therefore, personal jurisdiction over Syte in this district is improper. In addition, it would be highly inefficient to defer the decision on patent invalidity until after claim construction, particularly as the intepretation of claim terms would not affect the Section 101 analysis.

**I.     BECAUSE SYTE HAS NOT ACTIVELY DIRECTED ITS ACTIVITIES TO TEXAS, PERSONAL JURISDICTION IS IMPROPER**

In *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987), Justice O'Connor wrorte on behalf of four justices that:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State… a defendant's awareness that the stream of commerce

> may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

Accordingly, although the Court found that Syte knew or should have known that the Kohl's app would make its way to Texas, it found the record insufficient to determine whether Syte *acted purposefully* to direct its activities to Texas (D.I. 23, at 17).  Accordingly, although the burden of proof is on plaintiff, based on the "close call" nature of the facts, the Court tentatively found that Slyce had made a *prima facie* case of personal jurisdcition.  However, because the record was silent with regard to several issues, the Court invited a motion for reconsideartion (D.I. 23, at 17-18).  Specifically, the Court identified four "key facts" any of which could establish that Syte's actions were not "purposefully directed toward Texas" (D.I. 17).  Each of the four "key facts" is addressed in turn in the confidential Fryman Declaration, filed herewith under seal.

*Key Fact 1: Structure of Royalties Payments*

"First, and perhaps most importantly," the Court inquired "whether Syte received royalties for each app that was downlaoded, installed, or used." (D.I. 23).  This factor is addresseed in the confidential Fryman Declaration (Ex. "A" - Fryman Dec. ¶2).

*Key Fact 2: Syte's Involvement in Marketing the Kohl's App*

Second, the Court inquired "whether Syte had an input into Kohl's marketing to Texas consumers."  (D.I. 23, at 18).  This factor is addresseed in the confidential Fryman Declaration (Ex. "A" - Fryman Dec. ¶3).

*Key Fact 3: Technical Support*

Third, the Court inquired "whether Syte provides technical support for the users of Kohl's app, directly or indirectly (through patches and version upgrades), and/or if it is aware if Texas consumers are experiencing technical difficulties."  (D.I. 23, at 18).  This factor is addreseed in the confidential Fryman Declaration (Ex. "A" - Fryman Dec. ¶4).

*Key Fact 4: Patches or Version Upgrades*

Finally, the Court inquired "whether Syte has continuously provided patches and version upgrades to Kohl's or whether, at the time the complaint was filed, Syte only provided a single software release to Kohl's."  (D.I. 23, at 18).  This factor is addreseed in the confidential Fryman Declaration (Ex. "A" - Fryman Dec. ¶¶5-6).

Based on the confidential Fryman Declaration, it is clear that Syte has not purposefully directed its activities to Texas.  Therefore, Syte respectfully requests that the Court reconsider its finding of personal jurisdiction, and dismiss the complaint as to Syte.

## II.     CLAIM CONSTRUCTION IS NOT REQUIRED TO RULE ON PATENT-INELIGIBILITY UNDER SECTION 101

The Court declined to rule at this time on patent invalidity under Section 101, instead deferring a decision until after claim construction.  (D.I. 23, at 20).

First, with due respect, the Court's reliance on *MyMail, Ltd. v. ooVoo, LLC,* 934 F.3d 1373 (Fed. Cir. 2019), is misplaced.  In that case, there was a sharply disputed claim construction issue. Plaintiff "argu[ed] that the claimed inventions are patent eligible, as evidenced in part by a construction of the term 'toolbar' rendered by the Eastern District of Texas in an earlier proceeding

involving the '070 patent," and dedandants "opposed the adoption of that construction." *Id.*, at 1376. Further, MyMail argued to the district court that its claim construction "confirms that the claims of the '070 patent are directed to a particular technological process for improving an exclusively computer-oriented de-vice,"but the district court never addressed the parties' claim construction dispute. *Id.*, at 1380. That is, the Federal Circuit held (in a split decision) that it was error to fail to address a real and specific controvesy surrounding claim construction that could have affected the determination of patent eligibility. *Id.*, at 1380-81. That is not the case here.

In this case, Slyce has not argued that the outcome of claim construction would affect patent elibility. In fact Slyce's opposition brief (D.I. 13, at 17-24) never mentions claim construction, much less identifies any claim terms that would cause the claims to be directed to patent-eligible subject matter. Based on the record before the Court, a determination of patent-ineligibility under Section 101 is appropriate as a matter of law. For example, in *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1359 (Fed. Cir. 2017), the Federal Circuit found unpersuasive a patentee's challenge that the district court "should have undertaken claim construction and developed the factual and expert record…". Rather, the Federal Circuit observed that it "repeatedly affirmed §101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced." *Id.*, at 1360. Moreover, as is the case here, "Cleveland Clinic provided no proposed construction of any terms or proposed expert testimony that would change the §101 analysis." *Id*. See also, *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (affirming finding of patent-ineligibility prior to claim construction, observing that "claim construction is not an inviolable prerequisite to a validity determination under §101"); *Network Architecture Innovations LLC v. CC Network Inc.*, Case No. 2:16-CV-00914-JRG, 2017 U.S. Dist. LEXIS 59310, at *9 (E.D. Tex.,

Apr. 18, 2017) (finding patent invalid where patentee "failed to explain how claim construction might alter the §101 analysis.")

Accordingly, Defendants request that the Court decide invalidity on the papers (or invite oral argument), rather than requiring costly invalidity contentions and claim construction, which will be irrelevant to patent-eligibility.

>Respectfully submitted,
>
>By: /s/ *David N. Deaconson*
>David N. Deaconson
>Texas Bar Card No. 05673400
>
>PAKIS, GIOTES, PAGE & BURLESON, P.C.
>P.O. Box 58
>Waco, Texas 76703-0058
>Tel: (254) 297-7300
>Fax: (254) 297-7301
>deaconson@pakislaw.com

Guy Yonay (admitted *pro hac vice*)
PEARL COHEN ZEDEK LATZER BARATZ LLP
1500 Broadway, 12th Floor
New York, NY 10036
Tel: (646) 878-0800
Fax: (646) 878-0801
gyonay@pearlcohen.com

*Attorneys for Defendants*
  *Syte – Visual Conception Ltd. and*
  *Kohl's Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on this the 25th day of October, 2019.

/s/ *David N. Deaconson*
David N. Deaconson
Texas Bar Card No. 05673400

PAKIS, GIOTES, PAGE & BURLESON, P.C.
P.O. Box 58
Waco, Texas 76703-0058
Tel: (254) 297-7300
Fax: (254) 297-7301
deaconson@pakislaw.com

*Attorneys for Defendants*
 *Syte – Visual Conception Ltd. and*
 *Kohl's Corporation*

# EXHIBIT "A"

FRYMAN DECLARATION

(FILED UNDER SEAL)