## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **SLYCE ACQUISITION INC.,** | § | |
| *Plaintiff* | § | |
| | § | **W-19-CV-00257-ADA** |
| **-v-** | § | |
| | § | |
| **SYTE - VISUAL CONCEPTION LTD.,** | § | |
| **KOHL'S CORPORATION,** | § | |
| *Defendants* | § | |

### REVISED ORDER GOVERNING ESI DISCOVERY

The following supplements the Joint Proposed Order Governing Proceedings – Patent Case (D.I. 31, the "Scheduling Order") the Court entered on October 30, 2019.

### Electronically Stored Information ("ESI")

In the Scheduling Order, the Court stated: "As a preliminary matter, the Court will not require general search and production of email of other electronically stored information (ESI) absent a showing of good cause."  (D.I. 31 at 2).  The Court believes this ruling is correct and amends it so that a party seeking electronic discovery using keyword searches shall pay the cost of having an outside vendor conduct that search, the data processing and storage.

Further, if a party seeks ESI production, the Court orders the parties to meet and confer within two weeks of this order to select a number of email custodians, less than five, and to agree on a list of keywords to be used.  Those keywords shall not include overly broad terms like "visual search," "Snap & Shop," "mobile shopping app," and the party's own product's name should be avoided.  In general, search terms should include some limiting proximity term, like: "alignment" pre/3 "categories," and "measure" pre/3 "distinction."

Having agreed upon the custodians and search terms for emails the parties shall run the searches and produce the resulting data within 45 days of this order.

With respect to the non-email ESI, the Court believes this discovery can be accomplished more efficiently by using categories, like financial documents, technical

documents, and sales and marketing documents. However, if a party believes that keyword searching is necessary, it shall pay the costs for that production, and shall follow the procedure above.

With respect to Kohl's source code, Kohl's need not produce the entire source code listing for its mobile shopping application.  Kohl's shall produce the call to Syte's software. To the extent Slyce wants additional source code, the parties shall meet and confer about the scope of any additional Kohl's source code production, and if they cannot agree, they shall inform the Court.

Any document production in this case may be used in pending cases between the parties in other jurisdictions, and vice-versa. That is, there is no need to produce documents repetitively.

## Collection

ESI shall be collected in accordance with the procedures set forth above. Absent a showing of good cause, no party shall be required to restore ESI that is solely available on any form of media upon which back-up or legacy data is maintained in a party's normal course of business, including, but not limited to, backup tapes, disks, SAN, and other forms of media. Absent a showing of good cause, voicemails, PDAs, instant messages and mobile devices are deemed not reasonably accessible and need not be collected and preserved.

## Production

The parties shall produce Email, Custodial ESI and Non-Custodial ESI within twenty-one (21) days of the exchange of the Selected Custodian List on a rolling basis. ESI produced in this case must conform to the following standards for production:

## Format

ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI , i.e., the original formatting , the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

## Extracted-Text Documents

No party has an obligation to create OCR text searchable files where the original native document had no text to extract; however, if a party's documents already exist in native format containing extractable text independent of this litigation or are OCR'd to generate searchable text for use in this litigation by the producing party's counsel, then such documents shall be produced in that manner.

## Native Files

The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

## On-site Inspection of Electronic Media

Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and that exceptional circumstances warrant such inspection.

## Metadata Fields

The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number

Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

### Production of Email, Custodial ESI or Non-Custodial ESI Attachments

Email will be produced with relevant, responsive, non-privileged attachments. To the extent reasonably possible, attachments will appear sequentially after the parent document so that the family (parent/child) relationship is maintained and shall be identified through the BegDocAtt# and EndDocAtt# fields.

### Redacted Documents

For any ESI where the redaction of information, whether privileged or otherwise, is required, the redaction(s) will be performed and burned in on a TIFF image version of the document only. Native files need not be provided for redacted documents, although any party may request production of specific redacted documents in native format subject to deletion of information as necessary to preserve privilege or secure non-producible data. In place of extracted text, if such text exists (as so defined in the Section "Extracted – Text Documents"), the parties will OCR the redacted documents to eliminate the text associated with the redacted portion. Redacted documents will be produced with responsive metadata only to the extent such data is discoverable.

### Federal Rule 502 Protections

Pursuant to Federal Rule of Evidence 502(d) and the parties' Stipulation and Order on Rule 502 Claw-Back Agreement, the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

**SIGNED** this 9th day of June, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE